IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RHONDA CAIN,**

    **Plaintiff,**

  v.                                        **Civil Action 2:23-cv-695**
                                                  **Judge Edmund A. Sargus, Jr.**
                                                  **Magistrate Judge Jolson**

**BIRGE & HELD PROPERTY
MANAGEMENT, L.L.C.,**

    **Defendant,**

**OPINION AND ORDER**

This matter is before the Court on Defendant's Rule 56(d) Motion for Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment. (Doc. 28). For the following reasons, the Motion is **GRANTED in part and DENIED in part**. The Court **STAYS** briefing of Plaintiff's Motion for Partial Summary Judgment pending resolution of Defendant's Motion for Judgment on the Pleadings. Additionally, the Court's stay of discovery is **CONTINUED**. If any of Plaintiff's claims survive the Motion for Judgment on the Pleadings, the parties are **ORDERED** to file, within **fourteen days** of the Court's ruling, a joint status report suggesting a proposed plan for discovery and resolution of the outstanding Motion for Partial Summary Judgment. The Court will then set a status conference with the parties as necessary.

**I.     BACKGROUND**

Plaintiff brings the present action for injuries she purportedly suffered in a fall at Defendant's apartment complex. (Doc. 1). Plaintiff previously brought a similar action in the Franklin County Court of Common Pleas, which she litigated past discovery and dispositive

motions deadlines, but dismissed before trial. *Cain v. Hidden Creak Apartments, dba/aka AndMark Hidden Creek Apartments LLC*, Case No. 22CV000293. This case, however, is still in its earliest stages. Shortly after Plaintiff filed her Complaint, Defendant moved for judgment on the pleadings, saying that this case was duplicative of the state action. (Doc. 15). Accordingly, when the Court entered a scheduling order, it stayed discovery pending briefing on the motion, and indicated it would revisit whether discovery should proceed after proposals for discovery were submitted by the parties. (Doc. 16).

Plaintiff filed such a proposal (Doc. 24) and Defendant responded (Doc. 25). But within a week of that response, Plaintiff filed her Motion for Partial Summary Judgment, asking that the Court find that Defendant's negligence liability has been established as a matter of law. (Doc. 26). Defendant then brought the instant Motion, asking that the Motion for Partial Summary Judgment be held in abeyance until the Court has ruled on the Motion for Judgment on the Pleadings and the parties have been afforded a full opportunity to conduct expert discovery. (Doc. 28). The Motion has been fully briefed (Docs. 32, 34) and is ripe for consideration.

**II.     STANDARD**

Rule 56(d) of the Federal Rules of Civil Procedure provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

   (1) defer considering the motion or deny it;
   (2) allow time to obtain affidavits or declarations or to take discovery; or
   (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

This Rule "is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct

2

discovery to be able to successfully defeat a motion for summary judgment.'" *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio Apr. 17, 2012) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)). "Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery." *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011) (citing *White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)). The Sixth Circuit has made clear that if the movant has "not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Cressend v. Waugh*, No. 2:09-CV-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011) (alteration in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

Beyond this, "[a] district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted).

### III. DISCUSSION

Defendant asks that Plaintiff's Motion for Partial Summary Judgment be deferred because Plaintiff relies on expert testimony which Defendant has had no chance to rebut. (Doc. 28 at 7–10). In particular, Defendant notes that no discovery has occurred in this case. And, in the state court litigation, Defendant says Plaintiff disclosed her expert only after the close of discovery. (*Id.* at 4–5). Because Plaintiff relies on this expert testimony to demonstrate proximate cause for the purposes of her Motion, Defendant says it must be given the opportunity to develop its own expert discovery to properly respond. Accordingly, it asks that the Court hold the Motion in abeyance "until: (1) this Court has issued a decision on the pending motion to dismiss; and (2) the parties

3

have been afforded a full opportunity to conduct expert discovery, including, without limitation, the deposition of [Plaintiff's liability expert, Richard L.] Zimmerman." (Doc. 28 at 10).

In opposing this relief, Plaintiff disputes whether expert testimony is necessary to prevail on her Motion for Partial Summary Judgment and generally attempts to litigate the merits of that Motion. (*See* Doc. 34). But the Court need not address the particulars of these arguments, because it is patently clear that—due to the early stage of this litigation and the stay of discovery enforced by the scheduling order—the parties have not received a full opportunity to conduct discovery. Still more, efficient docket management favors resolving the pending Motion for Judgment on the Pleadings before addressing discovery and the Motion for Partial Summary Judgment in more detail. The scope of discovery in this case will be informed by which—if any—of Plaintiff's claims survive this first level of review. Indeed, should the Motion for Judgment on the Pleadings be granted in full, the Motion for Partial Summary Judgment and the need to collect any additional discovery in this matter will be moot.

So, Defendant's first request—that the Motion for Partial Summary Judgment be held in abeyance until the pending Motion for Judgment on the Pleadings has been ruled upon—is **GRANTED**. The Court **STAYS** briefing of Plaintiff's Motion for Partial Summary Judgment (Doc. 26) pending resolution of Defendant's Motion for Judgment on the Pleadings. Additionally, the Court's stay of discovery is **CONTINUED**.

Regarding Defendant's further request that abeyance of the Motion for Partial Summary Judgment continue until there has been "a full opportunity to conduct expert discovery," the Court makes no ruling at this time. There remains the possibility that—should this case progress—the parties and the Court can fashion a targeted discovery plan that will allow for the resolution of threshold dispositive issues. So, in this regard only, the Motion is **DENIED without prejudice**.

4

Instead, the parties are **ORDERED** to file a joint status report, proposing a plan for discovery and resolution of the outstanding Motion for Partial Summary Judgment within **fourteen days** of the Court's ruling on Defendant's Motion for Judgment on the Pleadings, should any of Plaintiff's claims survive.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 28) is **GRANTED in part and DENIED in part**. The Court **STAYS** briefing of Plaintiff's Motion for Partial Summary Judgment pending resolution of Defendant's Motion for Judgment on the Pleadings. Additionally, the Court's stay of discovery is **CONTINUED**. If any of Plaintiff's claims survive the Motion for Judgment on the Pleadings, the parties are **ORDERED** to file, within **fourteen days** of the Court's ruling, a joint status report suggesting a proposed plan for discovery and resolution of the outstanding Motion for Partial Summary Judgment. The Court will then set a status conference with the parties as necessary.

IT IS SO ORDERED.


Date:  August 22, 2023                     /s/ Kimberly A. Jolson
                                           KIMBERLY A. JOLSON
                                           UNITED STATES MAGISTRATE JUDGE