UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RHONDA CAIN,**

      **Plaintiff,**

v.

**BIRGE & HELD PROPERTY MANAGEMENT, L.L.C.,**

      **Defendant.**

Civil Action No. 2:23-cv-695
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant Birge & Held Property Management, L.L.C.'s Motion for Judgment on the Pleadings. (ECF No. 15.) The Motion is fully briefed.

For the reasons below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Partial Summary Judgment (ECF No. 26) is **DENIED WITHOUT PREJUDICE** to re-filing.

### I. Background

On August 31, 2021, Plaintiff visited her sister's apartment located at 4800 Hall Road, Columbus, Ohio ("the apartment") to pick her sister up for work. (ECF No. 1 at ¶10–11.) A wooden exterior stairway was "the only means of ingress/egress" to the apartment. (*Id.* at ¶11.) Plaintiff claims that the stairway had no "graspable handrails on either side of the steps," and the stairway was "dimly lit . . . as the stairway landing light was broken, hanging by a wire, and had been broken for at least 8 months." (*Id.* at ¶12.) On August 31, 2021, Plaintiff attempted to descend the stairway and alleges "a wooden step on the lower section of the stairs broke in half, gave way, and otherwise failed." (*Id.* at ¶13.) Plaintiff then claims that she fell, "hitting her body and head on the steps and concrete sidewalk below," which caused her to "suffer permanent

1

physical injuries including multiple fractures of her left hip that required and continues to require medical care." (*Id.*)  Plaintiff alleges that Defendant "failed to skillfully inspect, repair, or maintain the [stairway] to preserve the stairs from failure or decline[,] resulting in Plaintiff's fall, losses, and damages." (*Id.* at ¶17.)  AndMark Hidden Creek Apartments, LLC ("AndMark"), is the owner of the apartment (ECF No. 15 at PageID #95) and Defendant is the property manager for the apartment (*id.* at PageID #98).

## II.     Procedural History

On January 13, 2022, Plaintiff filed a lawsuit against "Hidden Creek Apartment Homes, dba/aka Birge & Held Wyndham, LLC, and Birge & Held Arts, LLC" in the Franklin County Court of Common Pleas ("State Court Action") asserting claims for "Respondent Superior," "Negligence/Recklessness," and "Landlord and Tenant Violations."  (ECF No. 15-1.)  Plaintiff filed an amended complaint only against "Hidden Creek Apartments, dba/aka AndMark Hidden Creek Apartments LLC" on February 14, 2022.  (ECF No. 15-2.)  Plaintiff sought leave to file a second amended complaint, seeking to join Birge & Held as a defendant, which AndMark opposed. (ECF No. 22 at PageID #841–42.)  On February 17, 2023, Plaintiff filed the instant case based on alleged diversity jurisdiction, bringing claims for "Contractual Violations," "Negligence/Malice," and "Landlord and Tenant Statutory Violations."  (ECF No. 1.)  On April 25, 2023, Plaintiff voluntarily dismissed the State Court Action without prejudice.  (ECF No. 22 at PageID #843.) On April 28, 2023, Defendant moved for judgment on the pleadings, asserting that (1) this action is barred by the doctrine against claim-splitting, and (2) Plaintiff's claim for breach of contract is barred.  (ECF No. 15.)

### III. Analysis

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (internal citation omitted). The Court need not accept a party's legal conclusions but must accept as true any well-pleaded factual allegations; the well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Defendant argues that it is entitled to judgment on the pleadings on two grounds. (ECF No. 15.) First, Defendant argues that the doctrine of claim-splitting bars this action as a matter of law. (*Id.*) Second, Defendant argues that Plaintiff's breach of contract claim is barred because she is neither a party nor a third-party beneficiary to the Management Agreement referenced in her Complaint. (*Id.*)

### A. Claim Splitting

Defendant first argues that Plaintiff's claims are barred because of the doctrine against claims splitting. Res judicata "bars subsequent litigation of causes of action where a court has already issued a final decision on the merits in an earlier case and the causes of action were, or should have been, litigated in the earlier case between the same parties." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (internal citation omitted). Claim-splitting is a variation of res judicata, and the "'test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit.'" *Id.* (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)).

According to Defendant, this case is duplicative of the State Court Action and therefore barred by the doctrine against claim-splitting. The parties disagree as to whether the Court should look to whether the State Court Action was pending when this case was filed, or whether it is currently pending. According to Plaintiff, the Court should reject Defendant's claim-splitting arguments because she has voluntarily dismissed the State Court Action and there is no longer any duplicative litigation. (ECF No. 22 at PageID #846–49.) Defendant argues that the Court must look to "whether such duplicative claims were pending when the second action was filed." (ECF No. 15 at PageID #101 (emphasis omitted).)

The only case Defendant cites in support of its argument that the Court should look to whether the first suit was still pending at the time the second action was filed is *Saqr v. Filak*, No. 1:20-CV-32, 2021 WL 6051964 (S.D. Ohio Dec. 21, 2021). Defendant's reliance is misplaced. When that court ruled that the doctrine against claim-splitting barred the plaintiff's case, the first claim had been ruled on and thus had preclusive effect. *Id.* at *5. Those circumstances are markedly different from this case, where the claims in the State Court Action had not received a ruling on the merits. Additionally, the court in *Saqr* explained that "[w]hereas res judicata typically applies where there is already a final judgment in the first action, the claim-splitting analysis instead applies where the first action *is still pending*." *Id.* at *4 (emphasis added).

Plaintiff has voluntarily dismissed the State Court Action. (ECF No. 22 at PageID #843.) Without a currently pending duplicative suit, the rationale underlying the doctrine against claim-splitting does not apply. *See, e.g.*, *Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 798 (W.D. Ky. 2022) ("A related doctrine is claim-splitting, which also reflects 'the general principle [of] avoid[ing] duplicative litigation.' . .

4

. [C]laim-splitting requires an *ongoing* duplicative proceeding[.]" (emphasis in original) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976))).

### B. Breach of Contract

Defendant argues that Count I of the Complaint fails due to lack of standing. (ECF No. 15 at PageID #102.) According to Defendant, Plaintiff cannot show that she is a party or a third-party beneficiary to a Management Agreement between Defendant and AndMark, and therefore she has no standing to bring a breach of contract claim. (*Id.*) Plaintiff responds that Defendant's obligations under the Management Agreement were "only a part of the detailed allegations comprising Count [I]." (ECF No. 22 at PageID #851.) Plaintiff does not claim that she was a party or third-party beneficiary to the Management Agreement, but instead argues that "Defendant violated not just its written agreement with AndMark but also [its] additional legal responsibilities that are owed in Ohio." (*Id.*)

In Count I, titled "Birge & Held Contractual Violations," Plaintiff refers to an "express contract" and focuses on Defendant's alleged duties under the Management Agreement. (ECF No. 1 at ¶7–21.) To the extent Plaintiff argues that Count I is a "common law premises liability claim," any such claim would appear to be covered by Counts II ("Negligence/Malice") and III ("Landlord and Tenant Statutory Violations-Birge & Held") of her Complaint. The Court agrees with Defendant that Plaintiff has no standing to bring a claim for "Contractual Violations" because she was neither a party nor third-party beneficiary to the Management Agreement, and **DISMISSES** Count I.

### C. Rule 7.1 Disclosure

It has come to the Court's attention that Defendant has not filed a corporate disclosure form pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. This case is before the Court on

alleged diversity jurisdiction.  (ECF No. 1 at ¶1–3.)  Under 28 U.S.C. §1332(a)(2), federal courts may hear cases between "citizens of a State and citizens or subjects of a foreign state."  "A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members. . . . Unlike a corporation, an LLC's state of organization does not establish its citizenship."  *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (internal citations omitted).  Defendant is hereby **ORDERED** to file a form disclosing the citizenship of its members and any sub-members as required by Rule 7.1 **within 7 days** of the date of this Order.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings (ECF No. 15) is **GRANTED IN PART** and **DENIED IN PART**.  Count I of Plaintiff's Complaint is **DISMISSED**.  Because the Court has found that some of Plaintiff's claims survive Defendant's Motion for Judgment on the Pleadings, the parties are **ORDERED** to file **within fourteen days of this ruling** a joint status report suggesting a proposed plan for discovery as directed by the Magistrate Judge's August 22, 2023 Opinion and Order (ECF No. 35.)  The parties are also **ORDERED** to propose a new dispositive motions deadline in the joint status report.  Defendant is **ORDERED** to file a corporate disclosure form in compliance with Rule 7.1 **within 7** days of this ruling.  In addition, Plaintiff's pending Motion for Partial Summary Judgment (ECF No. 26) is **DENIED WITHOUT PREJUDICE** to refiling.

This case remains open.

IT IS SO ORDERED.


**3/25/2024**                                                s/Edmund A. Sargus, Jr.
**DATE**                                                     EDMUND A. SARGUS, JR.
                                                             UNITED STATES DISTRICT JUDGE