**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

RHONDA CAIN,

       **Plaintiff,**

    **v.**
                                **Civil Action 2:23-cv-695**
                                  **Judge Edmund A. Sargus, Jr.**
                                  **Magistrate Judge Jolson**

BIRGE & HELD PROPERTY
MANAGEMENT, L.L.C.,

       **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on a deposition fee dispute.  (Docs. 85, 86).

**I.      BACKGROUND**

As alleged, on August 31, 2021, Plaintiff went to her sister's apartment to pick her up for work. (Doc. 1 at ¶¶ 10–11).  To get to the apartment, Plaintiff used an exterior, wooden stairway with no "graspable handrails on either side of the steps."  (*Id.* at ¶¶ 11–12).  When Plaintiff descended the stairs, one of the steps "broke in half" and "gave way."  (*Id.* at ¶ 13).  Plaintiff fell, hitting her "body and head on the steps and concrete sidewalk below."  (*Id.*).  As a result, she suffered "permanent physical injuries, including multiple fractures of her left hip."  (*Id.*).

Plaintiff brought this diversity action on February 17, 2023, suing Defendant for negligence and statutory violations of landlord-tenant law.  (*Id.* at ¶¶ 6–27; *see also* Doc. 43 at 5 (dismissing Plaintiff's breach of contract claim); Doc. 78 at 4–7 (denying Plaintiff's motion to amend her breach of contract claim)).  For a while, discovery was stayed pending Defendant's Rule 12(c) motion.  (*See* Docs. 15, 16).  Once the Court resolved that motion, it issued a scheduling order setting the close of discovery for September 30, 2024.  (Doc. 47).

The parties did not meet that deadline.  On September 24, the Court granted the parties' motion to extend the discovery period until December 31.  (Doc. 68).  Once more, the parties did not complete discovery on time.  So, the Court moved the discovery deadline to February 28, 2025.  (Doc. 80).  The Court warned, however, that "no further extensions to discovery deadlines [would] be granted."  (*Id.*).  Yet, on February 10, 2025, the parties contacted the Court about a dispute over expert deposition fees.  (Doc. 82).  The Court ordered them to confer on their differences and come to an agreement.  (*Id.*).

It seems the parties did not try very hard.  Despite Plaintiff's attempts to meet-and-confer, Defendant opted to exchange emails only.  (Doc. 86-1 at 8–9).  And Defendant wasted precious time by not responding timely to Plaintiff's requests to meet.  (*Id.* (showing that Plaintiff emailed Defendant for dates and times to discuss the dispute, but Defendant did not respond until three days later); Doc. 82 (giving the parties only seven days to resolve their dispute due to the looming discovery deadline)).  Still, throughout the parties' exchange, Defendant offered some compromises.  (*Id.* at 6, 8).  Plaintiff, however, would not budge.  (*Id.* at 1–2, 7 (saying she would pass on Defendant's proposal to her expert but claiming the deposition fees were "not [her] decision")).

Then, on February 17, the parties asked the Court for an extension, representing that they were "continuing to work on a potential agreement."  (Doc. 83).  The parties' emails make clear, though, that they were not.  (Doc. 86-1 at 3–4 (stating Defendant was ready to file its position statement and that Plaintiff's expert's rate "has been provided")).  In the additional seven days the Court gave them, the parties made no progress on their dispute.  And their conferral efforts consisted of only five, short emails.  (Doc. 86-1 at 1–3).

With no resolution reached, the parties filed position statements on February 21.  (Docs. 85, 86).  The matter is ripe for review.

## II.    STANDARD

Rule 26 provides that the party taking an expert's deposition must pay them a "reasonable fee," "unless manifest justice would result."  Fed. R. Civ. P. 26(b)(4)(E)(i); *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007).  What constitutes a reasonable fee is in the Court's discretion. *See Burgess v. Fischer*, 283 F.R.D. 372, 373 (S.D. Ohio 2012).  But "the burden of proving the reasonableness of an expert's fee lies with the party seeking reimbursement."  *Brunarski v. Miami Univ.*, No. 1:16-cv-311, 2017 WL 713691, at *2 (S.D. Ohio Feb. 23, 2017).

Generally, "an expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition."  *Burgess*, 283 F.R.D. at 373 (internal quotation and quotation marks omitted).  The Court must also consider "the expert's education, training and experience; the prevailing rate for comparable experts; and the nature and complexity of the information sought."  *Id.* (citing *Bonar v. Romano*, No. 2:08-cv-560, 2010 WL 4280691, at *1 (S.D. Ohio Oct. 25, 2010)).  While the Court must reject "blatant attempts to gouge opposing parties with steep fees," in the end, the inquiry is highly fact specific.  *Anderson v. Jas Carriers, Inc.*, No. 1:12-cv-280, 2013 WL 991902, at *1 (S.D. Ohio Mar. 13, 2013); *see also Brunarski*, 2017 WL 713691, at *1 (noting the relevant factors may vary between cases).

## III.    DISCUSSION

The parties' dispute is narrow.  Defendant contends that Dr. Owoicho Adogwa, Plaintiff's expert on neurosurgery and biomedical engineering, is demanding unreasonable rates for his deposition and related preparation time.  (Doc. 85 at 1–2).  According to Plaintiff, Defendant is the one being uncooperative.  Plaintiff wants Defendant to pay Dr. Adogwa's deposition fee in advance, reimburse him for all his preparation time, and confirm how long the deposition will take beforehand.  (Doc. 86 at 2).  Defendant does not oppose payment-in-advance or reimbursement for preparation time outright. (Doc. 85 at 3–4).  But it refuses to do so at Dr. Adogwa's requested rates.  (*Id.*).

The Court begins with Dr. Adogwa's deposition fee.  In this case, he is charging $2,000 per hour. (Doc. 86 at 13).  Though Plaintiff claims this is a reduction from his usual rate, (*id.* at 12), she does not provide his fee schedule, (*see generally* Docs. 86, 86-1, 86-2, 86-3).  Without knowing what Dr. Adogwa typically charges for his professional services, the Court cannot say his deposition rate is presumptively reasonable.  *Cf. Burgess*, 283 F.R.D. at 373 (finding the expert's hourly rate presumptively reasonable and rejecting a flat fee that did not match that rate).  Therefore, the Court must consider the other factors to determine an appropriate fee.

Making that decision is challenging because the parties provide no comparable expert rates.  For her part, Plaintiff provides fee schedules for two surgeons, both of whom charge around $1,000 per hour. (Doc. 86-4 at 1, 22).  But Plaintiff claims these surgeons' credentials do not compare to Dr. Adogwa's. (Doc. 86 at 9 (saying no similar rates are available because of Dr. Adogwa's unique skills and training)).  Meanwhile, Defendant cites cases to suggest a reasonable rate lies somewhere between $400 and $1,000 per hour. (Doc. 85 at 3).  But these cases are years old. (*Id.* (relying on cases from a decade ago)).  Tellingly, Defendant's own medical expert charges $1,250 per hour for a deposition. (Doc. 85 at 3).

At base, none of these rates are particularly persuasive.  All the experts are unlike Dr. Adogwa in that he serves two purposes in this case.  Dr. Adogwa is trained in both neurosurgery and biomedical engineering. (Doc. 86 at 5–6).  So, according to Plaintiff, his fee reflects his ability to speak to both subjects. (*Id.* at 12 (stating the $2,000-rate breaks down to $1,200 an hour for a neurosurgeon and $800 an hour for a biomedical engineer)).

Plus, Plaintiff notes that Dr. Adogwa is highly qualified and experienced.  According to his curriculum vitae, he received a bachelor's degree in biomedical engineering from Duke University, a master's in public health from the University of Kentucky, and a medical degree from Vanderbilt University. (Doc. 86-8 at 1).  He completed medical fellowships, residencies, and training programs at

Duke University; Washington University in St. Louis; Rush University; Harvard Medical School; and the Centre des Massues in Lyon, France. (*Id.* at 1–2). He currently serves as a professor at the University of Cincinnati Medical School. (*Id.* at 1). And his list of awards, research experiences, and publications is lengthy. (*Id.* at 3–4, 7–51). Given all this, the Court agrees that the other hourly rates discussed in the briefing would not appropriately compensate Dr. Adogwa.

Further supporting a higher rate, the issues in this case are not straightforward. Plaintiff alleges many injuries resulting from her fall, including hip fractures and spinal issues. (Doc. 86 at 9). According to Plaintiff, Dr. Adogwa's "rare" combination of specialties is needed to explain the complexities of her injuries and treatment. (*Id.* at 8–10). The Court finds this argument is supported by Dr. Adogwa's expert report, which discusses Plaintiff's preexisting conditions and extensive medical records, recommends a particular surgery, and provides results from his own physical examination. (Doc. 86-9); *cf. Bartlett v. Barbes*, No. 3:18-cv-00087, 2020 WL 6785104, at *3 (W.D. Ky. Nov. 18, 2020) (reducing a fee where the injury was "relatively uncomplicated," the plaintiff had only seventy pages of medical records, and the expert report was a page-and-a-half long). And notably, Defendant provides nothing else to support the significant hourly rate reduction it wants. (*See, e.g.*, Doc. 85 at 2 (acknowledging Dr. Adogwa's expertise but conclusively asserting his fee is still too high), 4 (asking for an hourly rate of $1,250 instead of $2,000)).

All that said, the parties' conferral attempts show potential compromises. (*See* Docs. 86-1, 85-1 (emails sent between the parties from February 10 until February 19)). Defendant offered $2,000 up front for a two-hour deposition. (Doc. 86-1 at 8). But if the deposition lasted only one hour, Defendant offered that Dr. Adogwa could keep the full $2,000 fee. (*Id.*). Seemingly, Plaintiff accepted that rate for a one-hour deposition. (*Id.* at 7 (adding that Dr. Adogwa's preparation time must be added to that fee)). Therefore, Dr. Adogwa may charge $2,000 for the first hour of his deposition.

After that, Dr. Adogwa may charge an hourly rate of $1,550, billed in fifteen-minute increments. (Doc. 86-1 at 6 (email from Defendant asking for fifteen-minute increments)).  This rate is based upon the $1,250 hourly rate that Defendant requests, as well as an additional $300 per hour to compensate Dr. Adogwa for his engineering expertise.  (Doc. 85 at 3–4 (asking the Court to set a fee of $2,500 for two hours)); *see also Axelson v. Hartford Ins. Co. of the Midwest*, No. 2:11-cv-1827, 2013 WL 1261757 (D. Nev. Mar. 26, 2013) (approving an orthopedic surgeon's hourly rate of $1,500); *Clossin v. Norfolk S. Ry. Co.*, No. 3:13-cv-1, 2014 WL 3339588, at *2 (W.D. Pa. July 8, 2014) (setting, for a surgeon, an hourly deposition fee of $1,500 for the first three hours); *Bryant v. Carlisle Carrier Corp.*, No. 13-cv-578, 2014 WL 12834477, at *3 (E.D. N.Y. Nov. 14, 2014) (allowing, over a decade ago, an hourly rate of $250 for a biomedical engineer, but reducing excessively billed hours).

Next is Dr. Adogwa's deposition preparation time.  Defendant seemingly concedes it should pay for this time.  (Doc. 85 at 3–4).  But Defendant wants to pay for two hours—instead of Plaintiff's estimated three to five hours—since Dr. Adogwa already reviewed Plaintiff's medical records to write his expert report.  (*Id.* at 1–2, 4).  Defendant also asks the Court to reduce his hourly rate for this time from $1,200 to $600.  (*Id.* at 4).

Notably, the parties discuss three doctors who all charge between $500 and $600 an hour for preparation time.  (Doc. 85-2 at 3; Doc. 86-3 at 2; Doc. 86-4 at 1).  Because Plaintiff does not provide Dr. Adogwa's usual fee schedule or other comparable rates, the Court finds $600 per hour is reasonable here, too.  But the Court declines to limit Dr. Adogwa to two hours.  *See Script Sec. Sols., LLC, v. Amazon.com, Inc.*, No. 2:15-cv-1030, 2016 WL 6649721, at *4 (E.D. Tex. Nov. 10, 2016) (explaining that preparation "speeds the deposition process along" and "is often necessary to enable the witness to be fully responsive during the deposition").  As represented by Plaintiff, the Court expects that Dr. Adogwa will spend three to five hours preparing at most and that Defendant will not be billed for "the time Plaintiff's counsel spends with [him]."  (Doc. 86 at 12).

Finally, Plaintiff wants Defendant to (1) say how long the deposition will take, and (2) pay Dr. Adogwa's fees in advance. (Doc. 86 at 13). But the deposition's anticipated length is in flux. When this dispute began, Defendant complained that Plaintiff allegedly sought to limit the deposition to two hours and suggested it might take longer. (Doc. 82 (saying two hours was not enough given the volume of medical records in the case)). More recently, Defendant told Plaintiff the deposition may last only one hour. (Doc. 86-1 at 8). Because of this uncertainty, payment in advance is not appropriate. *Gough v. Louisville Jefferson Cnty. Metro. Gov't*, No. 3:12-cv-849, 2016 WL 11654862, at *2 (W.D. Ky. Sept. 13, 2016) (rejecting advance payment because there was "no way to know exactly how long" the expert's deposition would take). Still, as a courtesy to Dr. Adogwa, Defendant should provide Plaintiff with an anticipated length of the deposition before scheduling it. *Id.*

## IV.    CASE SCHEDULE

As mentioned, discovery closes on February 28. (Doc. 80). The Court previously warned the parties that this deadline would not be extended. (*Id.*). But the parties' failure to resolve their differences sooner makes this cut-off impracticable. Therefore, the parties are **ORDERED** to complete Dr. Adogwa's deposition and all remaining discovery **by March 27, 2025**. Again, the Court cautions that the parties must work together in good faith to meet this deadline.

## V.    CONCLUSION

For the foregoing reasons, Dr. Adogwa may charge $2,000 for the first hour of his deposition and $1,550 for each hour thereafter, billed in fifteen-minute increments. But he may charge only $600 per hour for his preparation time. While Defendant is not required to pay those fees in advance, it must inform Plaintiff of the anticipated length of the deposition before scheduling it.

Finally, the Court **ORDERS** that the parties must complete Dr. Adogwa's deposition and all remaining discovery by **March 27, 2025**. The Court anticipates no further extensions.

IT IS SO ORDERED.


Date:  February 25, 2025                              /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE